CATHERINE BAYER, PLAINTIFF-RESPONDENT, v. FRED COSMILLO AND GARFIELD & PASSAIC BUS CO., A CORPORATION, DEFENDANTS-APPELLANTS.

Argued January 15, 1946—Decided February 15, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the plaintiff-respondent, *Robert E. Pollan* and *David H. Hammer*.

For the defendants-appellants, *Alan Kraut*.

The opinion of the court was delivered by

CASE, J. Plaintiff was awarded damages arising from a collision between the automobile owned and driven by her and a bus driven and owned by the respective defendants. The defendants appeal.

There was competent evidence to sustain a factual finding that plaintiff was moving along Jefferson Street toward the intersection with Hoover Street when she observed two buses, one (defendants') behind the other, standing on Hoover Street at her left and facing the intersection, that as she entered upon the intersection the first bus also moved into the intersection, making a turn to its right into Jefferson Street on such an arc as to encroach upon plaintiff's right of way, and that the plaintiff paused to permit that action and then, having observed after she had entered upon the intersection that defendants' bus was still motionless, proceeded slowly across the intersection to continue her course on Jefferson Street whereupon defendants' bus "shot right out" when she was already half way across and struck her car on the left side. That evidence, believed, supported the conclusion that defendants were guilty of an act of negligence which was the proximate cause of plaintiff's damage and negated the conclusion that as a matter of law plaintiff was guilty of contributory negligence. Under familiar principles, therefore, it is not for this court to find, as the appellants argue, that the trial court erred either in refusing to nonsuit the plaintiff or in refusing to enter judgment for the defendants. The only other ground assigned as error was that the plaintiff's case was replete with perjured testimony. No pertinent court

ruling was evoked further than the motions already mentioned. The credibility and weight of the evidence was for the trial judge, sitting without a jury, to determine.

We find no cause for reversal in any of the assigned grounds.

The judgment appealed from will be affirmed.